CASE 84.—ACTION BY GEORGIA ROBERTSON AGAINST MARY E. TOWNES' ADMINISTRATOR.—June 8, 1910.

## Townes' Admr v. Robertson.

Appeal from Muhlenberg Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From an order of the circuit court sustaining a probate order establishing a prior will, the administrator appeals.—Affirmed.

Wills—Revocation—Destruction—Incapacity of Testatrix.—In a suit to establish a will, destroyed by testatrix during her last illness, evidence held to sustain a finding that testatrix was of unsound mind when she destroyed the will, and that the destruction was also obtained by undue influence, and that the will, notwithstanding the destruction, remained her will, and was entitled to probate.

JONSON, WICKLIFFE & JONSON for appellant.

WILLIS & MERIDETH and W. J. ROSS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Mrs. Mary E. Townes, widow of Dr. George W. Townes, died at her home in Greenville, Ky., July 20, 1908. At the time of her death she owned a house and lot in the city of Greenville. About a year before her death, Mrs. Townes made a will by which she devised the house and lot in question to Mrs. Georgia Robertson, her step-daughter. The property had been received by Mrs. Townes under the will of her husband, Dr. Townes, who had requested her to devise it to his daughter, Mrs. Georgia Robertson, and Mrs. Townes had according to her statement devised the property to Mrs. Robertson pursuant to that request. Mrs. Townes' last illness began about two months before her death. Seventeen days before she died she sent for her attorney, Mr. W. C. Jonson, who had written the will by which the house and lot was devised to Mrs. Robertson, and requested him to get the will from the bank where it had been deposited and bring it to her. This request he complied with, being accompanied on his return with the will by Mr. Chattam, a bank clerk, who had with him witnessed the will. By the further request of Mrs. Townes the will was burned by Mr. Jonson in her presence. She then directed him to write another will devising the house and lot to Mrs. Robertson and the other children of her former husband, Dr. Townes, by his first wife equally, except John Townes, one of the children, whom she wished excluded from any interest in the property, telling Jonson that she would execute the will after he had written it. After this had been done Mrs. Morrison, a daughter of Mrs. Townes by her first husband, advised Johnson that she would inform him when to bring the will for execution by her mother, and at the same time asked Jonson what would become of

the house and lot in the event Mrs. Townes made no will. She was informed by the latter that the property in that event would go to her, Mrs. Morrison, and the other heirs at law of Mrs. Townes under the statute. Mr. Jonson wrote the will, but it was never executed by Mrs. Townes, nor did he ever receive a request from any one to carry it to her. Some time after the death of Mrs. Townes, the appellee, Mrs. Georgia Robertson, caused to be drafted a copy of the will which had been destroyed by Jonson at the request of Mrs. Townes, and this paper she caused to be probated in the county court as a substantial copy or reproduction of the last will and testament of Mrs. Townes, upon the ground that the latter was of unsound mind at the time the original will was destroyed. The probate was resisted by the heirs at law of Mrs. Townes and the administrator of her estate, who prosecuted an appeal from the order of probate to the circuit court, and, upon the trial in the latter court, the judgment of the county court was sustained. From the judgment of the circuit court this appeal is prosecuted.

The testimony introduced in behalf of the appellee in the circuit court conduced to prove that Mrs. Townes for many months before her death, and before and during her last illness, was of unsound mind. While it showed that she at times had lucid intervals, it was as a whole to the effect that, when she directed the burning of the will by Jonson, she was mentally incapable of transacting business, or of understanding the nature of her act. On the other hand, while the testimony of appellants conceded some unsoundness of mind on her part, it tended to show that she had during her last illness lucid intervals, during which she was competent to transact

business, and it was the opinion of Jonson and Chattam, who were then present, that she understood the transaction involving the destruction of the will, and that the instrument was destroyed with the full knowledge on her part of the meaning of that act. Appellee's testimony also tended to prove that Mrs. Townes' mind had been embittered against her during her illness, and that Mrs. Morrison had been instrumental in accomplishing this result by censuring the appellee for failing to visit and nurse Mrs. Townes during her illness. It also tended to show that Mrs. Morrison by failing to notify Mr. Jonson to bring the last will of Mrs. Townes for execution had prevented the latter from making it, and that she unduly influenced her mother, both in the matter of destroying the will that was burned by Jonson and in preventing her from executing the last one prepared by the attorney. It will thus be seen that the evidence was very conflicting. We are, however, not prepared to say that there was not evidence to support the finding of the jury, and, this being true, we do not feel authorized to disturb the verdict, upon the ground that it was flagrantly against or unsupported by the evidence.

The court correctly and carefully instructed the jury as to the whole law of the case. There was no error in the admission or rejection of evidence, and while the alleged remarks made by appellee's counsel with respect to Mrs. Morrison, in argument to the jury were improper, they do not authorize the reversal of the judgment.

The record furnishing no sufficient cause for reversing the judgment of the circuit court, the same must be, and is hereby, affirmed.